# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CR-0030-001-CVE |
| ) | |
| RICO LAMAR NEWTON, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the Court's *sua sponte* motion to modify the judgment (Dkt. # 65) by reducing the term of supervised release imposed.

In April 2005 defendant was convicted of the offense of felon in possession of firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In August 2005 defendant was sentenced to a term of 42 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release. In August 2009 defendant's term of supervised release was revoked and he was sentenced to a 7-month term of imprisonment and a 29-month term of supervised release (Dkt. # 53). In November 2010 defendant's term of supervised release was again revoked, resulting in 12 months imprisonment, to be followed by a 24-month term of supervised release (Dkt. # 65). In imposing the revocation sentences and reimposing the terms of supervised release, the Court was guided by 18 U.S.C. § 3583(e) as amended by the PROTECT Act, which sets forth the length of a term of imprisonment that can be imposed as a revocation sentence, and § 3583(h), which authorizes a court to impose a term of supervised release following a revocation sentence. The Act amended § 3583(e)(3) to provide that "a defendant whose term is revoked . . . may not be required to serve *on any such revocation* more than" the prison sentence that applies to the grade of the offense of

conviction. The Court interpreted these revisions as authorizing imposition of the maximum term of imprisonment and reimposition of the maximum term of supervised release less the instant term revoked, applied anew to each revocation sentence. See also United States v. Lewis, 504 F. Supp.2d 708 (W.D. Mo. 2007), *aff'd*, 519 F.3d 822 (8th Cir. 2008); United States v. Williams, 425 F.3d 987, 989 (11th Cir. 2005); United States v. Tapia-Escalera, 356 F.3d 181, 188 (1st Cir. 2004)(*dicta*).

The Tenth Circuit recently ruled that a district court's authority to reimpose a term of supervised release is limited to the term of supervised release authorized under § 3583(b) less the aggregate of the instant and previous revocation imprisonment terms. United States v. Hernandez, ___ F.3d ___, 2011 WL 3673042 (10th Cir. 2011). Accordingly, the Court's authority to reimpose supervised release at defendant's second revocation was limited to the maximum term authorized under § 3583(b)(2), a term of 36 months, less 19 months, the sum of all revocation imprisonment terms. The Court's sentence that included the reimposition of supervised release of 24 months was contrary to § 3583(h) and Hernandez, which permit a term of no more than 17 months.

Based on equitable considerations and the statutory structure of § 3583(e)(1) and (2), the provisions authorizing modification of the term of supervised release, the Court corrects the sentence imposed by reducing the length of supervised release.

**IT IS THEREFORE ORDERED** that the judgment (Dkt. # 65) is hereby modified to reduce term of supervised release from a term of 24 months, to a term of 17 months.

**IT IS FURTHER ORDERED** that all other terms and provisions of the judgment are unchanged and shall remain the same as originally entered.

**DATED** this 14th day of September, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT